UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSHUA HERRIDGE, § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 4:19-cv-04259 |
| MONTGOMERY COUNTY, TEXAS and JIMMY WILLIAMS, individually and in his official capacity as Fire Marshal for Montgomery County, Texas, § § § § § § | |
| Defendants. § | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND EXPENSES**

This Court entered final judgment on September 12, 2023. (Doc. 60). In conjunction with the judgment, the Court granted injunctive relief to Plaintiff Joshua Herridge (Herridge), following remand from the U.S. Court of Appeals for the Fifth Circuit, enjoining Defendants from restricting Herridge's sign-holding and leafletting in public right of way. (Doc. 59). In so ruling, the Court granted Herridge the meaningful relief he has sought against Defendants in this cause.

Having prevailed in this civil rights action under 42 U.S.C. § 1983, Herridge is entitled to a reasonable amount of attorney fees and expenses under 42 U.S.C. § 1988. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Herridge seeks an award of reasonable attorney's fees and expenses in the amount of **$185,837.13**.

**ARGUMENT**

Section 1988 provides this Court may allow the prevailing party to receive reasonable attorney's fees and expenses. In evaluating a fee request, the Court is to consider I) whether the

movant is a prevailing party and II) whether the requested fees and expenses are reasonable. As shown herein, Herridge is the prevailing party and his requested fees and expenses are reasonable.

## I. HERRIDGE IS A PREVAILING PARTY IN THIS ACTION

"[A]bsent special circumstances, a prevailing party should be awarded section 1988 fees *as a matter of course.*" *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983) (citation omitted, emphasis in original). To qualify as a "prevailing party," the party seeking fees need only demonstrate judicially sanctioned relief that materially alters the relationship between the parties. *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013). And a material alteration of the legal relationship is found whenever the relief on the merits "modif[ies] the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012).

This Court's Order shows Herridge as prevailing party by granting him injunctive relief that effectively modifies the behavior of the Defendants to his benefit. (Doc. 59). It is well established that an injunction award, like that awarded here, represents a material alteration of the legal relationship of the parties. *Sanchez v. City of Austin*, 774 F.3d 873, 879 (5th Cir. 2014).

The discretion of a district court to deny attorney fees to a prevailing party under § 1988 is "exceedingly narrow." *Cruz v. Hauck*, 762 F.2d 1230, 1233. (5th Cir. 1985). "[S]ection 1988 requires *an extremely strong showing of special circumstances* to justify denial of fees." *Houston Chron. Publ'g Co. v. City of League City*, 488 F.3d 613,623 (5th Cir. 2007) (internal quotation marks and citation omitted, emphasis in case). And no such circumstances exist here. Nothing about the nature or scope of injunctive relief implicate special circumstances. *Sanchez*, 774 F.3d at 881.

Although the Court remarked in the final judgment that each side shall bear their own costs (Doc. 60), this statement cannot be used to circumvent Herridge's entitlement to attorney fees

under § 1988. *See Cruz*, 762 F.2d at 1233-34 (held prevailing party entitled to attorney fees despite district court order stating each party should its own costs because "[t]o hold otherwise would dilute the fee award and be inconsistent with the purposes of § 1988"); *see also Hines v. City of Albany*, 862 F.3d 215, 220-21 (2d Cir. 2017) (appellate court instruction that each side to bear its own costs could not act to bar attorney fees to prevailing party under § 1988). Herridge is a prevailing party in this cause and therefore entitled to reasonable attorney fees and expenses.

## II. HERRIDGE'S REQUESTED ATTORNEY FEES AND EXPENSES ARE REASONABLE

Prevailing parties are typically entitled to attorney fees as calculated by a method known as the "lodestar." *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 552 (2010). The lodestar is derived by multiplying reasonable number of hours by reasonable hourly rates. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). In determining the reasonableness of the number of hours, the Court may accept billing records documenting time, excluding only time found excessive, duplicative, or inadequately descriptive. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). There is "[a] strong presumption that the lodestar figure…represents a 'reasonable' fee." *Murphy v. Smith*, 138 S.Ct. 784, 789 (2018) (citation omitted); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). However, the Court may adjust the lodestar – either upward or downward - in consideration of factors specified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (1974) abrogated on other grounds, *Blanchard*, 489 U.S. at 92-93,[1] depending on the circumstances of the case. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). A

---

[1] The *Johnson* factors consist of the following: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill needed to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) fixed or contingent fee; (7) time limitations; (8) the time involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client and 12) awards in similar cases. 488 F.2d at 717-19.

3

reasonable fee award also encompasses out-of-pocket expenses reasonably incurred in litigating the action. *Assoc. Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990).

An evaluation of the relevant factors reveals Herridge should receive the attorney fees and expenses he seeks in this motion as represented in the lodestar.

### A. Reasonable Number of Hours

The hours Herridge pursues with his motion, as adjusted by the exercise of billing judgment, amounts to 366.8 hours for Nathan W. Kellum, 47.7 hours for M. Anthony Mangini, and 6.75 hours for local counsel, Peter Costea, for a total of 421.25 lawyer hours.

Arriving at the lodestar, a plaintiff is to prove lawyer hours were reasonably expended through accurate keeping of time records. *Watkins*, 7 F.3d at 457. Herridge offers this evidence, supplying a detailed billing statement from the Center for Religious Expression (CRE) containing time entries for attorneys Kellum and Mangini, divulging the work they performed in the case. (Time Statement, attached as Ex. "A" to Motion for Attorney Fees [MAF]). As verified by both lawyers at CRE, the time entries set out in the time statement are accurate and reflect time recorded contemporaneously as they did the work. (*See* Declaration of Nathan W. Kellum, ¶¶ 43-51, attached as Ex. "B" to MAF; Declaration of M. Anthony Mangini, ¶¶ 9-11, attached as Ex. "C" to MAF). Kellum attests that, in his professional judgment, every task shown in the time statement was necessary for the successful prosecution of the case. (Ex. B, ¶¶ 52-55). Mangini and Costea do the same. (Ex. C, ¶ 12; Declaration of Peter Costea, attached as Ex. "D" to MAF). Kellum disavows any unnecessary or duplicative tasks by either Mangini or him. (Ex. B, ¶¶ 56-57). In an attempt to avoid duplicative and unnecessary work, instead of two lawyers, CRE sent only one lawyer to every appearance in this case, even though Defendants regularly had two lawyers present

at such appearances. (Ex. B, ¶ 56). Moreover, Kellum cut a significant number of hours from Mangini's time and his own time following the exercise of billing judgment. (Ex. B, ¶¶ 58-69). The hours provided by local counsel are eminently reasonable as well. (*See* Ex. D).

The hours of Herridge's attorneys (as adjusted) in the motion for attorney fees are appropriate. They reflect thoughtful exercise of billing judgment, limiting the hours sought to those reasonably expended in securing a successful result in this litigation.

        1.    **Billing judgment was exercised**

CRE's billing statement (Ex. A) sets out "adjusted time" signaling the exercise of billing judgment to eliminate any recorded time deemed "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Kellum eliminated all time that could have been performed by a legal assistant and discounted travel time by half. (Ex. B, ¶¶ 65-66). Kellum also excised any time entry involving communication between lawyers from the time statement. (Ex. B, ¶ 63). Further, Kellum eliminated redundant and excessive hours. (Ex. B, ¶¶ 62-64). Overall, a total of 73.50 hours have been purged in the exercise of billing judgment from a time statement. (Ex. A; Ex. B, ¶ 68). The self-applied deductions leave 366.8 hours for Kellum, 47.7 hours for Mangini, and 6.75 hours for Costea, for a grand total of 421.25 hours sought with this motion. Counsel has verified the reasonableness of these hours and the tasks performed in the prosecution of the case. (Ex. B, ¶ 69).

        2.    **Excellent result justifies hours sought**

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. To be sure, Herridge obtained an outstanding result, securing the core relief he sought in this litigation: the right to hold a sign and leaflet on public right of way outside the Pavilion.

"[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* It is the result of the litigation that matters. "[I]n successful litigation, fees should not ordinarily be reduced for unsuccessful procedural, discovery, or other motions." 1 Alba Conte, *Attorney Fee Awards* § 4:18 (3d ed. 2013). *See Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003) (holding plaintiffs entitled to time spent on unsuccessful summary judgment motion when they ultimately succeeded on some claims therein, and all claims arose from common core of facts); *Cruz v. Town of Cicero*, 275 F.3d 579, 592 (7th Cir. 2001) (dismissing argument that plaintiff could not obtain fees for unsuccessful preliminary injunction motion, court remarked that "it is the ultimate outcome of the litigation that determines whether a plaintiff is a prevailing party, not his or her success as to each motion filed in the case"); *Kitchen v. TTX Co.*, No. 97 C 5271, 2001 WL 40803, at *3 (N.D. Ill. Jan. 17, 2001) (declining to exclude time spent on unsuccessful preliminary injunction motion because "[a] losing argument in support of a successful claim for relief is fully compensable time.") (citation omitted). All things considered, all adjusted hours (421.25) are reasonable and compensable in this matter.

## B. Reasonable Hourly Rates

Herridge pursues hourly rates of $450 for Kellum, $250 for Mangini, and $500 for Costea.

Reasonable hourly rates are "the prevailing market rates in the relevant community…." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant legal community is the location where the district court sits. *Tollet v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). And "prevailing market rates" are determined by comparing the hourly rates of attorneys with similar experience, skill, and reputation in that relevant community. *Blum*, 465 U.S. at 895 & n. 11. This showing is ordinarily made with declarations from other attorneys practicing in the relevant community. *Tollet*, 285 F.3d at 368.

The hourly rates Herridge seeks - $450 per hour for Kellum, $250 for Mangini, and $500 for Costea – are consistent with the prevailing market hourly rates in the Houston area and the Southern District of Texas for like attorneys. Craig Stanfield, an attorney with King & Spalding in the Houston office and an experienced litigator familiar with civil rights litigation in the district, attests that senior litigators in the district regularly obtain rates of $900 or greater, with Stanfield charging $1,255 per hour himself. (Declaration of Craig Stanfield, ¶ 7, attached as Ex. "E" to MAF). Stanfield verifies that Kellum's $450 hourly rate is reasonable in the relevant market, given Kellum's experience and expertise in civil rights litigation. (Ex. E, ¶¶ 8-11). He also confirms Mangini's $250 hourly rate is reasonable in this jurisdiction for an attorney practicing 9 years. (Ex. E, ¶ 12). Costea, who practices in Houston, substantiates his hourly rate of $500. (Ex. D).

Additionally, as of almost ten years ago, "[c]ourts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case." *Jane Roe/Rachel V. Rose v. BCE Tech. Corp.*, No. 4:12-CV-1621, 2014 WL 1322979, at *3 (S.D. Tex. 2014). More recent decisions confirm the sought-after hourly rates in this motion are in line with, if not below, the market. *See, e.g., Est. of Terry Gentry v. Hamilton-Ryker IT Solutions*, *LLC*, No. 3:19-cv-00320, 2023 WL 5018432, at *4 (S.D. Tex. Aug. 7, 2023) (finding hourly rate of $650 appropriate for an experienced attorney in Houston/Galveston area for wages and hours case*); Pimpanit v. Phumswarng, Inc.*, No. H-20-289, 2023 WL 139144, at *2 (January 5, 2023) (holding $500 hourly rate reasonable for two attorneys in case brought under Fair Labor Standards Act); *Bowman v. Prida Construction, Inc.*, 568 F.Supp.3d 779, 784 (S.D. Tex. 2021) (awarding hourly rate of $500 to attorney with over 30 years of legal practice and experience in area); *Veasey v. Abbott*, No. 2:13-

7

CV-193, 2020 WL 9888360, at *48 (S.D. Tex. May 27, 2020) (awarding hourly rate of $500 to experienced attorney in civil rights litigation challenging voter law).

Herridge's requested hourly rates are reasonable in the Houston area and the Southern District of Texas.

### C. *Johnson* Factors Bolster the Lodestar

The lodestar, multiplying the reasonable of hours by reasonable hourly rates for attorneys Kellum, Mangini, and Costea, equals $180,360. Consideration of the twelve *Johnson* factors undergird the Court awarding the lodestar calculation in this case.

#### 1. Time and Labor Required

The attorney hours sought as adjusted, 366.8 hours for Kellum, 47.7 hours for Mangini, and 6.75 hours for Costea, represent work essential for obtaining meaningful relief for Herridge in this cause. Kellum verifies the accuracy of these hours and the need for them and attests to voluntary elimination of hours in the exercise of billing judgment. (Ex. B, ¶¶ 58-69). Kellum further verifies the reasonableness of the hours, set out in the task- based itemized billing statements, demonstrating their reductions of time. (Ex. A, Ex. B ¶ 69).

#### 2. Novelty and Difficulty of Questions Presented

The issues before the Court are novel and difficult, involving nuanced issues about types of speech that can cause obstruction, along with tangential issues about forum status and municipal liability. As this Court noted in initially ruling on the cross motions for summary judgment, it is a close call.

#### 3. Level of Skill Required to Preform Legal Services Properly

Given the difficult and unusual nature of this case, a certain level of attorney skill and expertise was needed to achieve a positive result. Kellum has considerable experience in handling

First Amendment and free speech cases in various contexts, which proved beneficial in obtaining a favorable outcome for Herridge.

### 4. Preclusion of other Employment

Free speech cases can consume a great deal of time, being fact-specific, demanding great attention to detail, which tends to monopolize counsel's calendar and time. This case was no exception. In fact, due to the uniqueness of the restriction at hand, even more attention than usual was required. Moreover, the urgent need for prompt relief, and constraints imposed by litigation deadlines, obliged counsel to set aside substantial blocks of time throughout the litigation. (Ex. B, ¶¶ 15, 20-42). CRE, where counsel works, is a nonprofit legal entity that provides *pro bono* legal services to individuals and entities across the nation. For most of this litigation, CRE only had one full-time attorney on staff. Counsel had to decline other cases to successfully prosecute this case.

### 5. Customary Fee for Like Work

Herridge seeks hourly rates of $450 for Kellum and $250 for Mangini. These rates, as demonstrated by the cases in the Southern District of Texas cited herein, fall within the reasonable rates of attorneys with comparable skill and experience in civil rights litigation that practice in Houston and the Southern District of Texas. (Ex. B, ¶¶ 3-12; Ex. C, ¶¶ 3-8; Ex. D). This is further verified by Stanfield, who is familiar with the market in the Houston area. (Ex. E).

### 6. Contingent Nature of Attorney Work

Compensation for attorney work in this case was and has always been contingent on Herridge prevailing in this matter. Had Herridge not prevailed, his attorneys' fees would go uncompensated. Herridge agreed to pursue attorney fees and expenses under 42 U.S.C. § 1988 in this case (Ex. B, ¶¶ 16-17) and counsel relied on this understanding in accepting the case. (Ex. B, ¶¶ 18-19).

### 7. Time Limitations Imposed by Client and Circumstances

The threat to Herridge's freedoms was immediate and ongoing, obliging counsel to file pleadings expeditiously as possible, including a motion for preliminary injunction early in the litigation. Also, Defendants vigorously defended the case throughout the litigation, from the outset until final judgment, despite Herridge's constant efforts to find a resolution akin to the result he finally received. Pursuing and obtaining this relief for Herridge required significant legal research, detailed pleadings, sufficient evidence, and substantial briefing, all of which had to be done timely to be of any use to Herridge.

### 8. Amount in Controversy and Results Obtained

This case was not about money or damages but the need for timely relief that would allow Herridge an opportunity to share his message in traditional public fora. He did not seek compensatory damages, nor was he entitled to receive any, but through the injunction, Herridge obtained all the practical relief he sought in this litigation.

### 9. Experience, Reputation, and Ability of Attorneys

The declarations filed in support of Herridge's motion for attorney fees establish the experience, reputation, and ability of his attorneys, a value that is "reflected in the reasonable hourly rate." *Blum*, 465 U.S. at 899. Kellum, Mangini, and Costea have detailed their experience in constitutional law and in federal court. (Ex. B, ¶¶ 3-12; Ex. C, ¶¶ 3-8; Ex. D). Stanfield verified the propriety of the hourly rates Herridge seeks for Kellum and Mangini. (Ex. E). Costea verified his own hourly rate. (Ex. D).

### 10. Undesirability of the Case in the Legal Community

This case was not a desirable one for lawyers in the Southern District of Texas legal community. Few attorneys are familiar with the First Amendment free speech area of the law and

even fewer are willing to take on such cases with no guarantee of payment or even the prospect of obtaining a percentage of substantial damages award. "In general, civil rights litigation is seen as very undesirable because it stigmatizes an attorney as a 'civil rights lawyer' and thus tends to deter fee-paying clients, particularly high-paying commercial clients, from seeking assistance from that lawyer." *James v. City of Montgomery*, No. 94-T-264-N, 1995 WL 271138, at *3 (M.D. Ala. Apr. 19, 1995) (citation and internal quotation marks omitted). CRE's willingness to accept the case under these circumstances supports the fee request.

11. **Nature and Length of Professional Relationship with Client**

In civil rights actions, the nature and length of the professional relationship with a client do not factor into the fee analysis.

12. **Fee Awards in Similar Cases**

Because of the importance of constitutional rights, federal courts routinely award appropriate fee amounts to litigants who vindicate these and other federal rights. *See, e.g., Veasey*, 2020 WL 9888360, at * 12 (awarding $6,790,333.31 in attorney fees and expenses in protracted civil rights litigation); *Miniex v. Houston Hous. Auth.*, No. 4:17-0624, 2019 WL 4920646, at *17 (S.D. Tex. Sept. 13, 2019) (awarding $898,429 and $53,900.89 in False Claims Act retaliation lawsuit). The fee request before this Court resembles the amounts awarded in other successful civil rights cases.

**D. Expenses are Reasonable**

In this motion, Herridge also seeks reimbursement for itemized litigation-related expenses of $5,477.13 that was incurred in prosecuting this matter. A prevailing party may recover out-of-pocket expenses normally charged to a fee-paying client. *Assoc. Builders & Contractors of La., Inc.,* 919 F.2d at 380. Kellum attests to the reasonableness of the expenses incurred and they are

not the kind of expenses typically absorbed as part of a law firm's overhead. (Ex. B, ¶¶ 70-72). Herridge is thus entitled to recover the expenses reasonably incurred by his attorneys in pursuing this action, as itemized in Ex. A, and totaling $5,477.13.

## **CONCLUSION**

Adding to the sum the reasonable amount of expenses ($5,477.13) to the reasonable amount of attorney fees for Kellum, Mangini and Costea ($180,360) equals **$185,837.13**. Thus, the amount of reasonable attorney fees and expenses sought with this motion is **$185,837.13**.

For reasons set forth herein, Plaintiff Joshua Herridge respectfully requests this Court grant his Motion for Attorney Fees and Expenses, an amount totaling **$185,837.13.**

Respectfully submitted this 22nd day of September, 2023.


| s/Nathan W. Kellum | s/ Peter Costea |
|---|---|
| Nathan W. Kellum | Peter Costea |
| MS BAR # 8813; TN BAR # 13482 | TBN 04855900 |
| Center for Religious Expression | Federal ID 13622 |
| 699 Oakleaf Office Lane, Suite 107 | 4544 Post Oak Place, Suite 350 |
| Memphis, TN 38117 | Houston, Texas 77027 |
| (901) 684-5485 – Telephone | Tel. 713-337-4304 |
| (901) 684-5499 – Fax | Fax 713-237-0401 |
| *Admitted *pro hac vice* | peter@costealaw.com |

Attorneys for Plaintiff Joshua Herridge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this date filed electronically with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent electronically to all counsel of record by operation of the Court's CM/ECF system, signed this 22nd day of September, 2023.

    s/Nathan W. Kellum
    Attorney for Plaintiff Joshua Herridge