United States District Court
Southern District of Texas
**ENTERED**
December 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSHUA HERRIDGE, § | |
| § | |
| *Plaintiff,* § | |
| VS. § | CIVIL ACTION NO. 4:19-cv-04259 |
| § | |
| MONTGOMERY COUNTY, TEXAS, and § | |
| JIMMY WILLIAMS, § | |
| § | |
| *Defendants.* § | |

### ORDER

Pending before the Court is a Motion for Attorney's Fees and Expenses under 42 U.S.C. § 1988 filed by Plaintiff Joshua Herridge ("Plaintiff" or "Herridge"). (Doc. No. 61). Defendant Montgomery County ("Defendant," or "the County") filed a Response in Opposition, (Doc. No. 65), and Plaintiff replied. (Doc. No. 67). After considering the arguments of the parties, relevant law, and evidence, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Attorney's Fees and Expenses.

**I.    Background**

This case involves the enforcement of an "unwritten policy" that was allegedly applied against Herridge, a minister, when he attempted to exercise his First Amendment rights outside the Cynthia Woods Mitchell Pavilion ("the Pavilion") in the Woodlands, Texas. The policy prevented him from preaching, displaying signs, and passing out leaflets at a specific, high-traffic corner (Lake Robbins Drive and Six Pines Drive) when large-scale events are being held at the Pavilion.[1] Herridge sought to preach at this specific location because of the greater visibility and

---

[1]    The Pavilion is primarily a performance venue for musical groups. While the Pavilion itself is jointly owned by the township of the Woodlands and the Cynthia Woods Mitchell Pavilion, portions of the sidewalk and grassy curtilage at issue here are public property.

foot traffic, allowing him to share his message with more people at that corner than other locations or corners near the Pavilion. For the very same reasons—high traffic and the large number of people in a small, crowded area—law enforcement officers found that location to be a dangerous corner for Herridge to preach. The County provided an alternative location directly across the street, but Herridge found this location unacceptable because it was passed by fewer concertgoers.

Since a resolution could not be reached, Herridge filed this lawsuit. The Court addressed the issue of preaching/protesting on this congested corner and granted summary judgment in favor of the County, finding no First Amendment violation because the Defendants had very real and pertinent safety concerns. The Court based its decision solely on Herridge's preaching because that was the focus of his arguments at the time. On appeal, Herridge apparently argued not only against this Court's Order but for the first time emphasized different issues—whether he could pass out leaflets or engage in sign holding at the same corner of the same intersection. The Fifth Circuit affirmed this Court's ruling concerning preaching, but it then noted that Herridge had not adequately raised the issue of signage or leafleting before this Court. It remanded the case for further consideration of these points. *See Herridge v. Montgomery Cnty., Tex.*, No. 21-20264, 2022 WL 989421 (5th Cir. Apr. 1, 2022).

On remand, this Court determined that while the County had demonstrated a significant public interest in public safety and crowd control, the policy preventing Herridge from leafleting and sign holding was not narrowly tailored to the interest of public safety. The Court reasoned that, because the County had not demonstrated that leafleting and sign holding was "just as problematic" as preaching, it did not necessarily merit an identical restriction. The Court entered an order enjoining the policy against Herridge to the extent that he, or anyone else similarly situated, was merely passing out pamphlets or displaying signs at the southwest corner of the

intersection at Lake Robbins Drive and Six Pines Drive. The Court noted at that time that "if [Herridge's] presence (or that of any others) proves problematic and the Defendant tailor[s] a policy (as opposed to the blanket prohibition it proposed here) to fit the situation, that might present this Court with a different picture." (Doc. No. 58 at 8).

Subsequently, the County filed a Motion for Reconsideration (Doc. No. 64) and a Supplemental Motion for Reconsideration (Doc. No. 72) seeking dissolution, or at least modification, of the injunction because "the effect of the injunction . . . severely restricts . . . [the] ability to secure the venue and keep concertgoers safe." (Doc. No. 72 at 2). This Motion for Reconsideration—and the evidence that accompanied it—led the Court to amend the injunction to allow Herridge, and all those similarly situated, to exercise their First Amendment rights in a different area that does not pose the same dangers to pedestrians and protesters due to its distance from the significant automobile traffic. As amended, the injunction not only allows Herridge to hand out leaflets and hold signs but also to preach, not on the street corner he desired, but in a designated zone with higher foot traffic that would not present the same level of danger.

Following the resolution of the injunction, Herridge filed a Motion for Attorney's Fees and Expenses. (Doc. No. 61). The County filed a Response in Opposition to Attorney's Fees, (Doc. No. 65), and Herridge replied. (Doc. No. 67).

## II. Legal Standard

A prevailing party may move for an award of attorneys' fees after the entry of a final judgment. FED. R. CIV. P. 54(d). The motion must specify the grounds entitling the movant to attorneys' fees and the amount requested. FED. R. CIV. P. 54(d)(2)(B). 42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party [in a § 1983 action] . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(h). "The primary purpose of the attorney's

3

fees provision in Section 1988 is to encourage private enforcement of the civil rights statutes," while at the same time "protect[ing] defendants from burdensome litigation having no legal or factual basis." *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 424–25 (5th Cir. 2011) (quoting *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986)). Section 1988 creates a presumption that attorney's fees will be granted to a prevailing civil rights plaintiff in all but special circumstances..

The determination of attorneys' fees is a multi-step process. The Court must first determine whether the movant is entitled to any award of attorney's fees. The Court decides whether the movant is a prevailing party under 42 U.S.C. § 1988(b) and, if so, whether any special circumstances exist that would render an award of attorney's fees unjust. If no such circumstances exist, the Court must then determine what constitutes a reasonable and proportional number of hours spent on the litigation and what a reasonable hourly rate is for the lawyers involved. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The Court must then multiply the reasonable hours by the reasonable rates to calculate the "base lodestar figure." Although "[t]here exists a strong presumption of the reasonableness of the lodestar amount," the court "may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson*." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

The *Johnson* factors are important for the Court's consideration, but no factor is dispositive. *Montgomery v. State Farm Lloyds*, No. 23-11126, 2024 WL 2369415, at *1 (5th Cir. May 23, 2024). The reasonableness of attorneys' fees is considered in light of the following guidelines: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount

4

involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *see also Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (using *Johnson* factors as examples of proper considerations in § 1988 attorney's fees determinations).

### III. Analysis

As noted above, the final motion remaining before the Court is Plaintiff's Motion for Attorney's Fees and Expenses. (Doc. No. 61). The Court finds that Herridge is, albeit narrowly, a "prevailing party" under § 1988, and the County does not successfully raise any special circumstances that would render the award of attorney's fees unjust. The Court also finds, however, that because Herridge only prevailed on arguments made after the first appeal and before the motion to reconsider, a reasonable fee award only includes those fees accumulated during that stage of the litigation.

#### A. Herridge is, at least in part, a prevailing party under Section 1988.

Section 1988 provides for attorneys' fees to prevailing parties in civil rights cases: "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). Significant here, the Supreme Court has emphasized that "the prevailing party inquiry does not turn on the magnitude of the relief obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). The Fifth Circuit further clarified this point, explaining that a

5

plaintiff is a prevailing party "when actual relief on the merits of the plaintiff's claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Sanchez v. City of Austin*, 774 F.3d 873, 879 (5th Cir. 2014) (quoting *Lefemine v. Wideman*, 568 U.S. 1, 11 (2012)).

The County argues that attorney's fees should not be awarded because Herridge did not prevail on his *Monell* claim and did not overcome qualified immunity in his claims against Williams. (Doc. No. 65 at 3–4).[2] Thus, the County argues, it is improper for Herridge to receive fees when he did not recover on his claims against either of the named defendants to the suit.

The Fifth Circuit's opinion in *Sanchez* is instructive. There, the Plaintiff had been granted an injunction but was not awarded the nominal damages that he sought against the named defendants. *Id.* at 879. Under the Supreme Court's reasoning in *Lefemine*, the Fifth Circuit concluded that attorney's fees would be appropriate even if the "injunction merely ordered the defendants to comply with the law" and no other damages are awarded. *Id.* (citing *Lefemine*, 568 U.S. at 11). Under *Sanchez*, the margin by which Plaintiff prevailed is irrelevant when determining Plaintiff's status as a prevailing party—it is a binary yes or no. Nevertheless, for clarity, there are three distinct stages to this litigation that need to be factored into the equation.

The case can be considered to have three distinct parts: before and during the appeal, after the Fifth Circuit's remand, and after the Motion for Reconsideration. Put simply, Herridge was not a prevailing party until after the Fifth Circuit remand, and he did not prevail on any arguments regarding the County's Motion for Reconsideration. Before this Court the first time, Herridge's First Amendment arguments regarding his preaching were rejected, so he appealed. During his

---

[2] The County raises these arguments under the "special circumstances" exception, addressed below. As the Court sees these arguments as actually challenging Herridge's status as a prevailing party, however, the Court includes these arguments in its analysis here as well.

6

appellate argument, Herridge substantively addressed leafleting and sign holding for the first time, so the Fifth Circuit, though affirming the district court's rejection of the preaching claim, remanded for this Court to consider the other two issues.

On remand, Herridge then made the arguments that this Court eventually found meritorious—his rights to hold signs and pass out leaflets. Based on these arguments, Herridge was awarded an injunction requiring Montgomery County to allow his leafleting and sign holding in a certain area outside of the concert venue. This injunction altered the legal relationship between the parties by modifying the County's behavior in a way that benefitted Herridge—the Court ruled that the County must guarantee Herridge the ability to leaflet in the designated area. The County's prior behavior was augmented in a way that allowed Herridge to engage in some of the activity he sought. This injunction unquestionably satisfies the standard for Herridge to be a prevailing party. *See Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam).

After the injunction was entered, however, the County moved for reconsideration, which Herridge opposed. The County provided the Court with compelling evidence, including videos of the hazards created by the presence of individuals protesting and leafleting on the street corner in question at the Pavilion. Thereafter, with the consent of both parties, the Court traveled to the Pavilion to view the physical location at issue as well as available alternatives. The Court determined that the corner Herridge sought to utilize posed a significant danger to both pedestrians and Herridge himself—even if he was only leafleting—and the Court modified the injunction. The modified injunction gave Herridge the right to hold signs, hand out leaflets, and, for the first time, preach, but in a different location. The new location allowed all involved a similar, if not greater, exposure to pedestrian foot traffic without the danger created by the original location's proximity to a busy intersection. Thus, while the modified injunction gave Herridge *more* freedom to preach,

7

the injunction was modified at the behest of the County, not Herridge. Thus, Herridge was not a prevailing party in that portion of the case.

In sum, Herridge prevailed in only the middle stage of the litigation. Thus, as Herridge is a prevailing party, albeit narrowly, an award of attorney's fees will be proper barring any special circumstances rendering it unjust.

### B. Special Circumstances

Having concluded that Herridge is a partially prevailing party, the next issue is whether certain special circumstances exist that would render the award of fees unjust. Under § 1988, "a prevailing party should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Sanchez*, 774 F.3d at 879–80 (citing *Hensley*, 461 U.S. at 429). The special circumstances exception is a "narrow carve out of the general rule that prevailing civil-rights plaintiffs should be awarded fees." *Id.* at 880. In its opposition to attorney's fees, the County argues that several special circumstances exist that negate the necessity of awarding attorney's fees.

First, the County argues that Herridge did not establish liability of either named defendant. In essence, the County argues that fees should not be awarded because the Court did not rule for Herridge on his *Monell* claim and it granted Williams qualified immunity. While both statements are factually true, these issues go to the question of whether Herridge is a prevailing party or not,[3] not whether there is a separate circumstance that renders attorney's fees unjust. As the Court analyzed above, an injunction requiring a party to conform to certain constitutional bounds—even in the absence of liability on a *Monell* claim—is sufficient for a plaintiff to prevail.

---

[3] *See supra*, note 2.

8

A prevailing plaintiff's degree of success is not a special circumstance that justifies a complete denial of § 1988 fees. As stated above, "the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*, not to the availability of a fee award *vel non*." *Tex. State Teachers Ass'n*, 489 U.S. at 793; *cf. City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("We reject the proposition that fee awards under § 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers."); *Farrar*, 506 U.S. at 114 ("Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988. Once civil rights litigation materially alters the legal relationship between the parties, the degree of the plaintiff's overall success goes to the reasonableness of a fee award . . . ." (internal quotation marks and citation omitted)).

As a second special circumstance, Defendant argues that the injunction—and therefore Herridge's status as a prevailing party—is open to amendment and not yet final. This theory, regardless of whether it was plausible, is now moot. At the time Defendant filed its response, the Court was still considering the County's Motion to Reconsider. Since then, however, the Court has modified and finalized the injunction. As such, the chance that Herridge's status as a prevailing party may change is no longer a valid concern.

The special circumstances that the County relies on to avoid attorney's fees are, in reality, prevailing party arguments. The strength and finality of the injunction concern the degree to which Herridge prevailed, and "a prevailing party's degree of success is not a special circumstance that justifies a complete denial of § 1988 fees." *Sanchez*, 774 F.3d at 881. Instances that have been cited as "special circumstances" under § 1988 included cases where a lawsuit was not a contributing factor to the reformation of a statute, a lawsuit was deemed frivolous and unnecessary

9

to achieve the desired relief, and lawsuits filed under § 1983 had no public or civil rights impact. *Riddell v. Nat'l Democratic Party*, 624 F.2d 539, 544–45 (5th Cir. 1980); *Sanchez*, 774 F.3d at 880. Since the County has raised no compelling special circumstances, the Court finds that an award of attorney's fees would be proper in this case.

### C. Only the fees after the Fifth Circuit's remand, and before the modified injunction, are reasonable and proportional.

Since the Court finds that Herridge is a prevailing party under § 1988, at least in part, and no special circumstances render the award of fees unjust, the Court must determine a reasonable and proportional lodestar calculation—a reasonable hourly rate multiplied by the appropriate number of hours expended. *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 208–09 (5th Cir. 1998). This step in the attorney's fees analysis *is* the appropriate place to consider the degree of Herridge's success. For example, if substantial hours have been expended on claims or arguments that were unsuccessful, it is often unjust to include those hours in the calculation of the award. Here, the limited scope of Herridge's actual success in this case will limit the number of hours included when calculating the proportional and reasonable award.

First, the Court finds that the hourly fee charged by Herridge's attorneys is reasonable considering their experience and performance—the County also does not object to the rate they charged. Second, the Court finds it appropriate to significantly reduce the number of hours included in the calculation.[4]

Herridge was not a prevailing party on any issue (not even on appeal) until *after* the remand from the Fifth Circuit—at which point he presented a winning argument for the first time. As articulated above, the injunction entered after the appeal was the only ground on which Herridge

---

[4] As the Court is reducing the number of hours as an input into the lodestar equation, a full analysis of the *Johnson* factors is not warranted. *See Saizan*, 448 F.3d at 803.

10

prevailed at all and was, importantly, based solely on arguments presented *after* the Fifth Circuit remanded the case back to this Court. Consequently, the fees accumulated by Herridge's counsel, with one exception discussed below, *before* the Fifth Circuit's remand do not qualify as a "reasonable" award under the analysis modeled in *Henlsey v. Eckerhart*.

In *Hensley*, the Supreme Court held that "the degree of the plaintiff's overall success goes to the reasonableness of a fee award." *Hensley*, 461 U.S. 424. Indeed, the Court held that this was the "most critical factor" in determining the reasonableness. *Id.* at 436. When plaintiff presents "in one lawsuit distinctly different claims for relief that are based on different facts and legal theories," an attorney's work on "one claim will be unrelated to his work on another claim." *Id.* at 434–35. Accordingly, "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Id.* at 435 (internal quotation marks removed). The Court also noted that if a plaintiff has achieved only partial success, the total hourly fees may be excessive even "where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436. In these situations, "there is no precise rule or formula for making these determinations" and the "court necessarily has discretion in making this equitable judgment." *Id.*

As stated earlier, the facts of this case are unique. This Court ruled against Herridge, and the Fifth Circuit affirmed. Nevertheless, the Fifth Circuit remanded the case for this Court to consider Herridge's leafleting and sign holding argument—the argument on which Herridge finally prevailed. As such, Herridge's status as a prevailing party turned on an injunction based entirely on arguments presented to the Court *after* the Fifth Circuit's remand. On appeal and after the remand, Herridge "emphasized difference issues—specifically whether he could pass out leaflets and/or engage in sign holding presumably at the same southwest corner of the same intersection." (Doc. No. 59 at 2).

11

This unique set of circumstances provides the Court with a clear delineation between the hours that Herridge's counsel spent on successful arguments and the time counsel spent on unsuccessful arguments. The Fifth Circuit's remand was the moment where Herridge's counsel began arguing meritorious issues—sign holding and leafleting. As noted above, Herridge was not a prevailing party as a matter of law until after the Fifth Circuit's remand. Further, it is reasonable and proportional for the Court to award fees based solely on the hours spent on arguments or claims that lead to a plaintiff's status as a prevailing party. Therefore, the Court finds that a reasonable lodestar calculation cannot include hours that were expended *before* the Fifth Circuit's remand.[5]

Additionally, Herridge's request for fees accumulated relating to the County's motion for reconsideration is denied. Herridge filed his Motion for Attorney's Fees after the original injunction was entered, but before the County's Motion to Reconsider. As such, there was a significant amount of litigation done after Herridge's Motion for Attorney's Fees—Herridge opposed the motion for reconsideration and any modification of the injunction. (Doc. No. 66). Eventually, the Court granted the County's Motion to Reconsider and modified the injunction to allow Herridge be permitted to preach and hold signs at a completely different location with similar exposure to pedestrians but less public safety risks. (Doc. No. 83). This location was pinpointed by the Court, with the Defendant's help, once it was determined to be public property.

For the same reasons that the Court does not include pre-Fifth Circuit time in the lodestar calculation, the Court also will not include the time expended after the initial request for attorney's fees. Herridge's arguments opposing the Motion to Reconsider did not prevail; the Court found the County's evidence to be compelling, granted its Motion to Reconsider, and modified the injunction. Since the hours expended by Herridge's attorney during the Motion to Reconsider stage

---

[5] The Court has made one exception. It has allocated a portion of the fees expended in the preparation of the complaint in this award.

did not result in any successful result, the Court does not find it reasonable or proportion to include that time in the lodestar calculation.

In sum, the Court finds the following: (1) Herridge is a prevailing party under § 1988; (2) no special circumstances, as that term is understood in this context, exist that would render an attorney's fees award unjust; (3) it is not reasonable or proportional to include attorney's fees accumulated before the Fifth Circuit's remand; and (4) it is likewise not reasonable or proportional to include attorney's fees expended relating to the County's Motion to Reconsider.

The Court will award all fees accumulated after the Fifth Circuit's opinion released on April 1, 2022. (Doc. No. 61-1 at 24–29). Further, in Herridge's Reply, (Doc. No. 67), he puts forth additional fees that involved the preparation and drafting during the motion to reconsider and motion for fees stage of the litigation. (Doc. No. 67-1, 67-2). The Court finds the fees relating to the Motion Requesting Attorney's Fees to be reasonable but does not include those attributed to work regarding the Motion to Reconsider. Finally, the Court recognizes that the issues of leafleting and sign holding were raised in Herridge's Complaint, so the Court includes certain hours spent preparing the Complaint. (Doc. No. 61-1 at 3–7).

Based on the analysis above and the timesheets provided by Herridge, the Court's lodestar calculation includes Kellum's hourly rate ($450) multiplied the total number of hours deemed reasonable and expended in an effort in which Herridge prevailed. (62.1). In total, the Court finds a sum of $27,945.00 to be a reasonable award of attorney's fees and costs to Plaintiff under § 1988. This includes some fees for legal work drafting the Complaint and all fees occurring after the Fifth Circuit's remand to this Court, but it does not include time expended during the motion to reconsider stage of the litigation. The Court totaled these fees based on the timesheets provided by

Herridge's counsel in his motions requesting attorney's fees, which the Court finds to be appropriately documented.

## IV.   Conclusion

Based on the foregoing, the Court hereby **GRANTS** in part Plaintiff's Motion for Attorney's Fees in the amount of $27,945.00, to be paid pursuant to Plaintiff's status as a prevailing party under 42 U.S.C. § 1988. (Doc. No. 61).

Signed at Houston, Texas, on this the 10th day of December, 2024.

Andrew S. Hanen
United States District Judge